IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CURTIS ALLEN GARRISON | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv199 |
| ORANGE COUNTY COURTHOUSE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Curtis Allen Garrison, proceeding *pro se*, filed this civil rights lawsuit pursuant to 28 U.S.C. § 1983.  This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff states that as the result of actions by officials in Orange County, Texas, he has been falsely imprisoned.  He asserts he did not violate the law and that he is being detained despite not having received a constitutionally valid trial.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Plaintiffs must state enough facts to "nudge their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (1993).

<u>Analysis</u>

*Monetary Damages*

Plaintiff was previously convicted of capital murder in the 163rd District Court of Orange County. He was sentenced to life imprisonment. *Garrison v. State*, No. 13-14-00372-CR, 2015 WL 4380925 (Tex. App.–Corpus Christi July 16, 2015).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a claim calling into question the legality of a conviction is not cognizable in a civil rights action. In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87.

2

A finding in plaintiff's favor in this matter would necessarily call into question the validity of his criminal conviction. As plaintiff has not alleged that his conviction has been overturned or otherwise declared to be invalid, he may not recover monetary damages in this matter.

*Injunctive Relief*

Plaintiff may also be seeking injunctive relief in the form or an order vacating his conviction. However, such relief is only available through the filing of a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). As a result, plaintiff may not be awarded injunctive relief in this matter.

<u>Recommendation</u>

This civil rights lawsuit should be dismissed.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations contained herein, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 21st day of July, 2025.

Zack Hawthorn
United States Magistrate Judge

3